UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SPARTA INSURANCE, CO; et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>BENJAMIN GARFIAS, individual, et al.,<br><br>               Defendants. | NO:  CV-12-5051-RMP<br><br>ORDER DENYING MOTION TO RECONSIDER ORDER ON MOTION TO COMPEL |

**BEFORE THE COURT** is Plaintiffs' Motion for Reconsideration of Order on Motion to Compel and Objection to Defendants' Application for Attorney Fees. ECF No. 119.  The Court has reviewed the motion and response and is fully informed.

On October 2, 2013, the Court granted in part Defendants' Motion to Compel Discovery and for Sanctions.  ECF No. 113.  The Court found that Plaintiffs' discovery responses were sufficiently vague and misleading to warrant granting relief; therefore, the Court allowed limited additional discovery regarding

ORDER DENYING MOTION TO RECONSIDER ORDER ON MOTION TO
COMPEL ~ 1

1   Plaintiff Larry Lamberson's drag racing activities and awarded Defendants fees

2   and costs incurred in bringing the motion.  ECF No. 113 at 2, 3.

3       Plaintiffs ask the Court to reconsider this order because of additional

4   evidence that Plaintiffs found in earlier discovery responses.  In an expert

5   disclosure served on Defendants on March 7, 2013, ECF No. 120 at 1-2, Dr.

6   Robert Calhoun stated: "The patient reports that he did drive his car at Firebird

7   Raceway.  He reportedly did not do any of the mechanical work on his car[,]" ECF

8   No. 120-2 at 2.  Plaintiffs claim that Defendants' motion to compel and for

9   sanctions would have failed in light of this evidence showing that Plaintiff

10  Lamberson disclosed his drag racing activity.

11      Motions for reconsideration serve a limited function.  "'[T]he major grounds

12  that justify reconsideration involve an intervening change of controlling law, the

13  availability of new evidence, or the need to correct a clear error or prevent manifest

14  injustice.'"  *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir.

15  1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and*

16  *Procedure* § 4478 at 790).  Such motions are not the proper vehicle for offering

17  evidence or theories of law that were available to the party at the time of the initial

18  ruling.  *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash.

19  1987).

20

ORDER DENYING MOTION TO RECONSIDER ORDER ON MOTION TO
COMPEL ~ 2

Plaintiffs have not adequately supported their motion for reconsideration. Dr. Calhoun's report is not newly available to Plaintiffs, nor do Plaintiffs explain why a brief statement in a 183-page expert disclosure, ECF No. 120 at 2, would remedy earlier discovery responses that the Court has found to be vague and misleading.

The Court will consider in a separate order Plaintiffs' objection to Defendants' application for attorney fees.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration, **ECF. No. 119**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 18th day of November 2013.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING MOTION TO RECONSIDER ORDER ON MOTION TO COMPEL ~ 3